**In the Matter of Doyle Dean YOUNG and Dianne Joy Young, a/k/a Dianne Joy Pribnow, d/b/a Young Saddle & Tack Repair, Debtors.**

**Bankruptcy No. BK92–40999.**

United States Bankruptcy Court, D. Nebraska.

April 14, 1993.

Mark A. Johnson, Norfolk, NE, for debtors.

Marilyn Abbott, Omaha, NE, for Chapter 13 Standing Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the limited issue whether capital gains taxes should be deducted in completing a hypothetical Chapter 7 liquidation analysis for purposes of confirming a Chapter 13 plan. I conclude that capital gains taxes should be deducted and that the debtors' plan should be confirmed.

The trustee objects to confirmation on the ground that the best interest of creditor's test of § 1325(a)(4) is not satisfied. The Trustee asserts that the debtors have substantial equity in their home which would be available for the payment of unsecured creditors' claims in a Chapter 7 case. The debtors argue that the requirements of § 1325(a)(4) are met because capital gains taxes should be deducted in completing a liquidation analysis, and therefore, unsecured creditors will be paid at least as much under the Chapter 13 plan as they would receive in Chapter 7.

## DISCUSSION

Under Internal Revenue Code § 1398(a), the commencement of a Chapter 7 bankruptcy case involving individuals creates a separate taxable entity. The trustee appointed in a Chapter 7 bankruptcy case is required to file income tax returns for the bankruptcy estate for any years in which the estate's gross income exceeds certain limitations. *See* 26 U.S.C.A. 6012. The Chapter 7 bankruptcy estate succeeds to the debtors' tax attributes pursuant to Internal Revenue Code § 1398(g). The trustee thus succeeds to the debtors' basis in property. I.R.C. § 1398(g)(1–8).

In a Chapter 7 liquidation, the gross income of the estate "... include[s] the gross income of the debtor to which the estate is entitled under title 11 of the United States Code." *See* 26 U.S.C.A. § 1398(e)(1). Therefore, the gains on sale of real estate in a Chapter 7 case constitute income of the bankruptcy estate.

In *In re Bentley*, the United States Tax Court for the Southern District of Iowa concluded:

The bankruptcy estate must include an income gain from sale of debtor's property and interest earned on sales proceeds even though trustee evidently abandons proceeds in favor of a lienholder; abandonment of proceeds by trustee had no retroactive effect on tax consequences at

time of sale where trustee accepts proceeds on behalf of estate and holds them for three years before abandonment. *In re Bentley*, 89–2 U.S.T.C. 9597, 1989 WL 135395 (1988).

On the facts of the case before me, I conclude that there would be a capital gain upon sale of property of the bankruptcy estate in a hypothetical Chapter 7 case, gain would be included in the gross income of the bankruptcy estate, the Chapter 7 trustee would be required to file an income tax return with respect to the gain, and the trustee would be required to pay the tax obligations, at least to the extent that funds were available. The bankruptcy estate could deduct administrative expenses allowed under the Bankruptcy Code, as well as certain other court costs and fees from its income. *See* I.R.C. § 1398(h)(1).

■ Taxes incurred as a result of liquidation of property of the estate and during the pendency of the Chapter 7 case are entitled to administrative expense status and priority treatment pursuant to Bankruptcy Code § 503(b)(1)(B)(i). Administrative expenses include any tax incurred by the estate, except taxes of the kind specified in § 507(a)(7). The capital gains tax payable upon liquidation of property of the estate in a Chapter 7 would be properly allowed as an administrative priority claim pursuant to § 503(b)(1)(B)(i). Under § 726(c) of the Bankruptcy Code, it is clear that tax claims allowed under § 503 are paid prior to payments to unsecured creditors. Therefore, debtor is correct in asserting that tax on capital gains should be deducted in determining how much unsecured creditors would be paid in a hypothetical Chapter 7 case.

In summary, it is necessary to complete a hypothetical Chapter 7 liquidation analysis to determine whether the best of interest of creditor's test of § 1325(a)(5) is met. Conducting such an analysis of liquidation in a Chapter 7 case involving individual debtors, the bankruptcy estate is a separate taxpayer which succeeds to the debtor's basis in property. Upon sale of the property of the estate by the Chapter 7 trustee, the bankruptcy estate may incur income. The Chapter 7 trustee is required to file tax returns, at least to the extent funds are available, to pay taxes. To the extent that post-petition tax obligations are entitled to administrative priority treatment, they would be paid before payments were made to unsecured creditors. Accordingly, taxes which would be incurred by and payable by the Chapter 7 trustee in a hypothetical Chapter 7 case are properly deducted in determining how much unsecured creditors would be paid in a Chapter 7 case.

On the facts of the case before me, I conclude that after deducting the capital gains taxes payable in the Chapter 7 case, unsecured creditors would receive no more in a hypothetical Chapter 7 liquidation than is proposed to be paid to them under the debtors' Chapter 13 plan. The objection of the trustee to confirmation is therefore overruled. The debtors' proposed plan will be confirmed by separate order.